

Nixon Peabody LLP
300 S. Grand Avenue, Suite 4100
Los Angeles, CA 90071-3151

**Ashe Puri**
Partner

Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

T / 213.629.6152
F / 833.495.4326
apuri@nixonpeabody.com

April 1, 2026

***VIA ECF***

Honorable Sarah L. Cave
United States District Court for
the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

> The Court is in receipt of Plaintiff's letter motion at Dkt. No. 58 seeking (i) leave to conduct limited jurisdictional discovery in connection with Defendant Kantar China's motion to dismiss, (Dkt. No. 52 (the "Motion")), and (ii) an extension of Plaintiff's time to oppose the Motion. (Dkt. No. 58 (the "Letter")). On or before **April 6, 2026**, Kantar China shall file a response (the "Response") to the Letter.
>
> A telephone conference to discuss the Letter and the anticipated Response is scheduled for **April 20, 2026 at 11:00 a.m. ET** (the "Conference") on the Court's conference line. The parties are directed to call: (855) 244-8681; access code: 2308 226 4654, at the scheduled time.
>
> In the meantime, Plaintiff's deadline to respond to the Motion is **EXTENDED** sine die, pending the Conference.
>
> SO ORDERED.     April 2, 2026
>
> SARAH L. CAVE
> United States Magistrate Judge

**RE:   Remesh, Inc. v. Kantar LLC, Kantar Group Limited, and Kantar China**
**Case No. 1:25-cv-07700-GHW-SLC**

We write on behalf of Plaintiff Remesh, Inc., to respectfully request a conference and an order (1) granting Remesh leave to conduct limited jurisdictional discovery in connection with Defendant Kantar China Limited's ("KCN") Motion to Dismiss (Dkt. 52-54), and (2) extending Remesh's time to oppose KCN's motion until fourteen (14) days after the completion of jurisdictional discovery.

Pursuant to Local Civil Rule 37.2 and Your Honor's Individual Practices, undersigned counsel certifies that a telephonic conference took place on April 1, 2026, from 3:00 p.m. to 3:24 p.m. EDT. Participating attorneys were Ashe Puri and Joshua Pollack for Remesh and Michael Albert and Jordan Scott for Defendants. Remesh requested that Defendants consent to limited jurisdictional discovery and an extension of Remesh's opposition deadline. At KCN's request, Remesh provided Defendants with the document requests, interrogatories, and depositions sought prior to the meet and confer. Defendants refused to provide the requested discovery, asserting that no jurisdictional discovery is warranted because the Gao Declaration (Dkt. 54) "provides far more detailed information than Remesh is entitled to obtain" and establishes that KCN has no U.S. contacts and that Remesh's allegations are conclusory. *See* Exhibit A. Defendants agreed, however, that if the Court allows limited jurisdictional discovery (which Defendants oppose), Remesh's opposition deadline may be extended until 14 days after the close of that discovery. Remesh informed Defendants that it considered the parties at an impasse and would request a conference with the Court.

*Background*

This case involves claims for trade secret misappropriation, breach of contract, copyright infringement, and declaratory judgment arising from Defendants' copying of Remesh's proprietary SaaS Software. On March 23, 2026, KCN moved to dismiss for lack of personal jurisdiction and failure to state a claim, supported by a declaration from its Chairman, Gao Yu Xian. The declaration portrays KCN as a standalone Chinese entity with no U.S. contacts. That narrative is contradicted by Remesh's allegations in the Amended Complaint ("AC") and Kantar's own public statements—including that KCN develops products under the "Kantar" brand and is identified by Kantar as "Kantar's expert team in China." AC (Dkt. 46) ¶ 49. The Accused Products are marketed and sold by Kantar LLC from New York. AC ¶¶ 2, 12-13.

*The Standard for Jurisdictional Discovery Is Met*

Remesh has made a *prima facie* showing of personal jurisdiction. *See, e.g.*, AC ¶¶ 7-8, 13-14, 49. Even if that were not the case, "[a] court may order jurisdictional discovery where … [a plaintiff] has made a

**Attorneys at Law**
nixonpeabody.com
@NixonPeabodyLLP

sufficient start toward establishing personal jurisdiction." *Wilson & Wilson Holdings LLC v. DTH, LLC*, 673 F. Supp. 3d 409, 413 (S.D.N.Y. 2023); *see also Leon v. Shmukler*, 992 F. Supp. 2d 179, 194 (E.D.N.Y. 2014) (court may order jurisdictional discovery even absent *prima facie* showing where plaintiff "may be able to establish jurisdiction if given the opportunity to develop a full factual record").

The AC identifies multiple bases for personal jurisdiction. KCN entered into a New York-law-governed contract (the TOS) to access Remesh's confidential software. AC ¶ 31; Ex. J § 8.1. The NDA and MSA—both containing New York forum selection clauses—bind members of the "Kantar Group" and "Affiliates" of Kantar LLC, respectively. AC ¶¶ 13-14, 30-31; Ex. I § 12.10; Ex. K § 20.9. KCN developed the Accused Products, which are marketed and sold by Kantar LLC from New York. AC ¶¶ 2, 12-13, 49. These allegations more than satisfy the "sufficient start" threshold.

*Genuine Jurisdictional Disputes Exist*

KCN's motion raises multiple factual disputes that only discovery can resolve. First, whether KCN falls within the NDA's "Kantar Group" definition—"any person, firm or company, being a subsidiary of WPP plc which trades as a member of the 'Kantar Group'"—turns on KCN's corporate ownership. The Gao Declaration states KCN is not a subsidiary of Kantar Group Limited (Dec. ¶ 5), but does not address whether KCN is a subsidiary of WPP plc. Second, whether KCN is an "Affiliate" under the MSA—an entity under "common Control" with Kantar LLC that is "trading as Kantar"—is unaddressed; Mr. Gao never denies that KCN is under common control with Kantar LLC or trades under the Kantar name. Third, Mr. Gao asserts KCN developed Kantar *ART* for its own use, "without involvement from or interaction with any other Kantar entity" (Dec. ¶ 24), yet Kantar's own press release identifies Kantar *Live* as a product developed by "Kantar's expert team in China." AC ¶ 49; Ex. L. Fourth, Mr. Gao asserts that FMB was not authorized to enter into contracts on its behalf (Dec. ¶ 22), which directly contradicts AC ¶ 30 n.5.[1] Additionally, KCN may be bound by the NDA and MSA forum selection clauses if it is "closely related" to those agreements and it was "foreseeable" it would be bound, *R4 GL Acquisition LLC v. Glorieta LLC*, 25 CIV. 944 (NRB), 2026 WL 579181, at *6 (S.D.N.Y. Mar. 2, 2026)—a fact-specific inquiry that depends on facts within KCN's possession.

*Proposed Discovery*

Remesh seeks narrowly tailored jurisdictional discovery completable within 60 days: (a) document requests to KCN addressing its corporate structure, use of the Kantar brand, coordination with other Kantar entities in developing the Accused Products, U.S. distribution of those products, KCN's international revenue, FMB's authority to bind KCN, and KCN's awareness of the NDA and MSA (see Exhibit B hereto); (b) targeted interrogatories on the same topics (see Exhibit C hereto); and (c) depositions of all three Defendants and Mr. Gao (see Exhibit D hereto). The depositions of Kantar LLC and Kantar Group Limited are necessary because those entities possess information about Kantar's corporate structure, their coordination with KCN in developing the Accused Products, and U.S. distribution and sale of those products.

*Extension of Time*

Remesh requests that its opposition deadline be extended until 14 days after the close of jurisdictional discovery. Without discovery, Remesh cannot meaningfully respond to factual assertions exclusively within KCN's control. The Court should decide the jurisdictional question on a complete record.

---

[1] On a Rule 12(b)(2) motion, in the absence of an evidentiary hearing, a court must interpret the facts in the light most favorable to plaintiff, resolving all doubts in its favor, notwithstanding the defendant's countervailing affidavits. *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 85-86 (2d Cir. 2013).

**Attorneys at Law**
nixonpeabody.com
@NixonPeabodyLLP

Remesh respectfully requests a conference at the Court's earliest convenience.

Sincerely,

Ashe Puri
Partner

3