NIXON PEABODY

Nixon Peabody LLP
300 S. Grand Avenue, Suite 4100
Los Angeles, CA 90071-3151

Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

**Joshua J. Pollack**
Counsel

T / 213.629.6172
F / 833.543.2185
jpollack@nixonpeabody.com

July 8, 2026

***Via ECF***

MEMO ENDORSED

Honorable Sarah L. Cave
United States District Court for
the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**RE: Remesh, Inc. v. Kantar LLC, Kantar Group Limited, and Kantar China**
**Case No. 1:25-cv-07700-GHW-SLC**

Dear Judge Cave:

We write on behalf of Plaintiff Remesh, Inc. to respectfully request a conference and leave to conduct a Rule 30(b)(6) deposition of Defendant Kantar China Limited ("KCN") on four limited topics. Mr. Gao's deposition demonstrated that he lacks personal knowledge of nearly all subjects in his declaration. A corporate deposition of KCN is necessary to develop the jurisdictional record contemplated by the Court's April 30, 2026 Order.

Pursuant to Local Civil Rule 37.2 and Your Honor's Individual Practices, counsel certifies that a telephonic conference took place on July 6, 2026 (2:29-3:05 p.m. EDT). Participating attorneys were Joshua Pollack for Remesh and Jordan Scott for Defendants. Remesh requested that Defendants consent to a Rule 30(b)(6) deposition of KCN on four topics. Defendants declined, asserting that KCN "has fully complied with jurisdictional discovery ordered by the Court" and "[t]here is no basis for personal jurisdiction over [KCN]." Remesh informed Defendants that it considered the parties at an impasse and would request a conference with the Court.

**Background**

The Court permitted limited jurisdictional discovery, finding Remesh made a "sufficient start" toward establishing personal jurisdiction. Dkt. 65 at 10-13. The Court ordered KCN to respond to revised RFP Nos. 4 and 7, produce an organizational chart and IP "agreement or protocol," and make Mr. Gao available for a deposition "limited to his statements in the Declaration." *Id.* at 13-17. The Court identified several unresolved questions, including whether KCN developed the Accused Products expecting they would be sold in New York and whether KCN may be bound by the NDA's forum-selection clause. *Id.* at 11-13. The Court noted that "[a]scertaining which personnel developed the Accused Products, where those personnel were located, for whom they worked, and how the Accused Products came to be sold into New York … will be important to assessing whether Remesh has plausibly alleged … personal jurisdiction over [KCN]." *Id.* at 12.

KCN produced only six documents, including two organizational charts and two Intra-Group Operating Fee Agreements (i.e., the IP agreements referenced in the Court's Order). Dkt. 70. Mr. Gao's deposition took place on June 25, 2026.

**Mr. Gao's Lack of Knowledge**

Mr. Gao has "been away from the frontline of the operation of the business for over ten years," seldom goes to the office, and is "not actually in charge of the specific business." Ex. A, Gao Transcript ("Tr.") at 45:23-46:2, 55:13-22. His declaration was drafted by employees and financial personnel under his supervision (*id.* at 11:3-24), and he answered "I don't know" to nearly half the questions because he lacked personal knowledge of many topics (*id.* at 19:17-23, 74:10-75:13) – extending to nearly every material jurisdictional topic:

*KCN's Relationship with Kantar LLC (Gao Decl. ¶¶ 8, 21-22, 24-25, 29):* Mr. Gao was unsure what Kantar LLC ("KLLC") is. Tr. at 29:7-16, 63:9-17. He testified it is "not possible" that KLLC directed, controlled, or coordinated KCN's activities, but then admitted he did not know whether there were any dealings, regular meetings, or shared communication platforms, project-management tools, or technology infrastructure between the two entities. *Id.* at 63:18-65:19, 72:2-7. He did not know how KLLC came to sell or offer for sale Kantar ART or whether KCN authorized such sales. *Id.* at 46:5-11, 67:11-68:2. Later, when asked about KLLC's sale or offering for sale of the Accused Products, Mr. Gao testified that KCN did not authorize such sales. *Id.* at 81:11-82:13. Mr. Gao was not familiar with the Intra-Group Operating Fee Agreements or their terms, and did not know whether any agreement gives KLLC or Kantar Group Limited ("KGL") rights to use the Accused Products. *Id.* at 65:21-69:9.

*Product development/commercialization/marketing (Gao Decl. ¶¶ 16-20, 24-25, 29-30):* Mr. Gao had "no idea" about the specifics of Kantar ART's development; he did not know whether it was developed without involvement from other Kantar entities, whether anyone outside China contributed, whether KCN used shared Kantar technology platforms or code repositories, whether KCN received funding from other Kantar entities, or whether KCN developed Kantar ART for use by other entities. *Id.* at 44:23-45:3, 47:10-24, 50:13-51:25, 59:5-9. He also did not know whether anyone at KLLC communicated with KCN about Kantar ART's development, whether KLLC provided specifications or feature requests, whether KCN shared source code with any Kantar entity, or whether KCN engages in online advertising or digital marketing directed at the U.S. *Id.* at 47:25-48:3, 48:22-49:7, 52:21-53:2, 73:23-74:9, 84:8-12.

*The NDA and FMB (Gao Decl. ¶¶ 12, 22, 28):* Mr. Gao did not know whether anyone at KCN reviewed the NDA before this litigation, whether KCN communicated with Firefly Millward Brown ("FMB") about contracts involving Kantar entities, whether any parent of KCN authorized FMB to enter into contracts on KCN's behalf, or whether KCN knew FMB was entering into agreements on behalf of the Kantar Group. Tr. at 33:11-34:11, 36:10-37:4.

Because Mr. Gao could not provide factual bases for nearly all statements in his declaration, Remesh requests that the Court order KCN to produce a Rule 30(b)(6) witness for a remote deposition, limited to four hours of on-the-record time, on the following topics:

1. KCN's knowledge of the statements in Mr. Gao's declaration, including the factual bases for those statements and the identity of the people whose information was used to prepare those statements.

2. The six documents KCN produced, including the organizational charts, Intra-Group Operating Fee Agreements, and Group IP Records Platform extract, including the facts reflected in those documents concerning KCN's ownership, corporate relationships, and IP rights/licensing.

3. KCN's interactions, agreements, coordination, and communications with KLLC concerning: (a) development of the Accused Products, including any specifications, requirements, feature requests, or resources; and (b) distribution, advertising, marketing, product strategy, branding, customer targeting, pricing, sales campaigns, promotion, offering for sale, sale, and other commercialization of any Accused Product in New York, including any licensing arrangements,

Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

contracts, or agreements between KCN and KLLC concerning the Accused Products, and any revenue-sharing arrangements, contracts, or agreements between KCN and KLLC concerning the Accused Products.

4. KCN's knowledge or awareness of the NDA, including when and how KCN became aware of it, which individuals at KCN were made aware of the NDA or its terms, and any communications within KCN or between KCN and FMB, KLLC, TKG, or WPP plc regarding the NDA or obligations arising thereunder.

Remesh respectfully requests a conference at the Court's earliest convenience.

Sincerely,

Joshua J. Pollack
Counsel

The Court is in receipt of Plaintiff's letter at Dkt. No. 73 requesting a conference to discuss conducting a Rule 30(b)(6) deposition of Defendant Kantar China Limited. (Dkt. No. 73 (the "Conference Request")). The Conference Request is **GRANTED**. A telephone conference is scheduled for **July 20, 2026 at 4:00 p.m. ET** on the Court's conference line. The parties are directed to call (855) 244-8681; access code: 2308 226 4654, at the scheduled time.

The Court is also in receipt of Plaintiff's request at Dkt. No. 71 to file Exhibit A to the Letter under seal (Dkt. No. 72-1) given that Exhibit A contains Attorneys' Eyes-Only ("AEO") information. (Dkt. No. 71). Given that Defendants do not oppose the Sealing Request, the Sealing Request is **GRANTED**. Exhibit A (Dkt. No. 72-1) shall remain under seal. Plaintiff has already filed a publicly available version of Exhibit A with the AEO information redacted. (Dkt. No. 73-1). By **July 10, 2026**, Plaintiff shall email a courtesy copy of the unredacted version of Exhibit A to Chambers at cave_nysdchambers@nysd.uscourts.gov.

The Clerk of Court is respectfully directed to close Dkt. Nos. 71, 72, and 73.

SO ORDERED. July 9, 2026

**SARAH L. CAVE**
**United States Magistrate Judge**