UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REMESH, INC.

Plaintiff,

-v-

KANTAR LLC, et al.,

Defendants.

CIVIL ACTION NO. 25 Civ. 7700 (GHW) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

## I. INTRODUCTION

The Court held a telephone conference on July 20, 2026 (the "Conference") to discuss the request of Plaintiff Remesh, Inc ("Remesh") for leave to conduct a Federal Rule of Civil Procedure 30(b)(6) deposition of Defendant Kantar China ("KCN").[1] (See Dkt. Nos. 73 (the "30(b)(6) Request"); 74). By **July 22, 2026**, the parties shall order a copy of the Conference transcript (the "Transcript") by using the annexed form. For the reasons discussed at the Conference, and as set forth below, the 30(b)(6) Request is **GRANTED IN PART** and **DENIED IN PART**.

## II. BACKGROUND

Remesh sues Defendants Kantar LLC ("KLLC"), Kantar Group Limited ("KGL"), and KCN (with KLLC and KGL, "Defendants"), alleging misappropriation of Remesh's trade secrets and related claims. (Dkt. No. 46 (the "Amended Complaint")). On January 12, 2026, KLLC and KGL moved to dismiss the Amended Complaint for failure to state a claim (Dkt. Nos. 48–49; 51 (the "First MTD")), and on March 23, 2026, KCN moved to dismiss for failure to state a claim and for

[1] Kantar China's corporate name is Kantar China Limited. (Dkt. Nos. 53 at 8 n.1; 55; 65 at 1 n.1).

lack of personal jurisdiction. (Dkt. Nos. 52– 54 (the "Second MTD," with the First MTD, the "MTDs")).[2] On April 30, 2026, the Court granted in part Remesh's motion for limited jurisdictional discovery in connection with the Second MTD and, inter alia, ordered KCN to "make [the Chairman of its Board, Gao Yu Xian ("Mr. Gao")] available for a remote deposition of no longer than four hours of on-the-record time and limited to his statements in the [declaration submitted by Mr. Gao in support of the Second MTD (Dkt. No. 54 (the "Declaration")]." (Dkt. No. 65 (the "Apr. 30 Order")). The Court further extended Remesh's deadline to respond to the Second MTD sine die, pending the completion of the limited jurisdictional discovery permitted in the Apr. 30 Order. (Dkt. No. 65 at 17).

On June 25, 2026, pursuant to the Apr. 30 Order, Remesh's counsel conducted a deposition of Mr. Gao. (Dkt. No. 73 at 2; 73-1). Deeming Mr. Gao's deposition deficient, however, on July 8, 2026, Remesh filed the 30(b)(6) Request seeking to conduct a Rule 30(b)(6) deposition of KCN on the following four topics:

1. KCN's knowledge of the statements in [the Declaration], including the factual bases for those statements and the identity of the people whose information was used to prepare those statements ("Topic 1");

2. The six documents KCN produced, including the organizational charts, Intra-Group Operating Fee Agreements, and Group IP Records Platform extract, including the facts reflected in those documents concerning KCN's ownership, corporate relationships, and IP rights/licensing ("Topic 2");

3. KCN's interactions, agreements, coordination, and communications with KLLC concerning: (a) development of the Accused Products, including any specifications, requirements, feature requests, or resources; and (b) distribution, advertising, marketing, product strategy, branding, customer targeting, pricing, sales campaigns, promotion, offering for sale, sale, and other commercialization of any Accused Product in New York, including any licensing arrangements, contracts, or agreements between KCN and KLLC

[2] The Honorable Gregory H. Woods has referred MTDs to the undersigned for a report and recommendation. (Dkt. No. 16).

concerning the Accused Products, and any revenue-sharing arrangements, contracts, or agreements between KCN and KLLC concerning the Accused Products ("Topic 3"); and

4. KCN's knowledge or awareness of the NDA, including when and how KCN became aware of it, which individuals at KCN were made aware of the NDA or its terms, and any communications within KCN or between KCN and FMB, KLLC, TKG, or WPP plc regarding the NDA or obligations arising thereunder ("Topic 4").

(Dkt. No. 73 (the "Proposed Topics")).[3] KCN opposes the 30(b)(6) Request on several grounds including that "Remesh devoted more than half of the deposition to subjects the Declaration does not address, many of which the Court had specifically denied discovery on[,]" "Mr. Gao was knowledgeable and forthcoming where Remesh's questions stayed within the scope of the Declaration," and the Proposed Topics "duplicate[] discovery the Court already denied and/or drill[] down into details appearing nowhere in the [Declaration.]" (Dkt. No. 75).

## III. APPLICATION

For the reasons discussed at the Conference, the 30(b)(6) Request is **GRANTED IN PART** and **DENIED IN PART**. KCN shall produce Mr. Sirius[4] for a remote deposition limited to four hours of on-the-record time and limited only to Topic 3 as set forth above (the "Sirius Deposition"). Mr. Sirius is not, however, expected to testify in a Rule 30(b)(6) capacity concerning Topics 1, 2, or 4. In addition, Remesh's counsel may question Mr. Sirius as to his personal knowledge of Mr. Gao's statements in the Declaration. (Dkt. No. 54). Finally, Remesh's counsel may show to Mr. Sirius the Intra-Group Operating Fee Agreements and Group IP Records Platform extract referenced in Topic 2, but Mr. Sirius is only asked to testify concerning those documents in his

[3] Unless otherwise stated, all capitalized terms referenced in Topic Nos. 1–4 shall have the same meaning as in the 30(b)(6) Request. (Dkt. No. 73).

[4] KCN's counsel stated at the Conference that Mr. Sirius (Chinese name: Wong Lee) is the project leader and developer who oversees the Kantar Live, Kantar ART, and Kantar ART AI platforms.

personal capacity, not his Rule 30(b)(6) capacity. The Court refers the parties to the Transcript for the full discussion on the 30(b)(6) Request.

By **August 3, 2026**, the parties shall file a joint letter setting forth the status of scheduling the Sirius Deposition.

Given that the Court is granting the 30(b)(6) Request in part, in the interest of administrative record keeping, the Court **ADMINISTRATIVELY CLOSES** the MTDs. Following the Sirius Deposition, the Court will resume the briefing schedule on the Second MTD. Following the completion of briefing on the Second MTD, the Court will issue a report and recommendation on the MTDs, together, in due course.

The Clerk of Court is respectfully directed to close Dkt. Nos. 48 and 52.

Dated: New York, New York
July 21, 2026

SO ORDERED.

**SARAH L. CAVE**
**United States Magistrate Judge**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

## Request for the production of a transcript from an electronic recording

Send one request per completed form to:

# etranscripts@nysd.uscourts.gov

Transcripts from an electronic record are generated by a Court Approved Transcriber, NOT the Southern District Court Reporters. The transcript will be delivered to your office and you will be invoiced directly by the transcriber. Submission of this form constitutes an agreement to pay for the transcription services described herein. This form should not be submitted for the purpose of obtaining a price estimate.
**NOTE:** CJA requests require prior approval by submitting an Auth-24 document in the CJA eVoucher System. If granted, the attorney then submits the etranscripts order form (indicate CJA Request).
Upon notification from the transcriber, the attorney will create a CJA 24 Voucher in the eVoucher system.

Today's Date: ___________________

| | |
|---|---|
| Case Caption | |

| DOCKET NUMBER | DATE OF THE HEARING | JUDGE'S NAME |
|---|---|---|
| | | |

**INDICATE SERVICE:**
(prices listed are per page)

| Daily $7.30 ◯ | 3 Day $6.55 ◯ | 7 Day $5.85 ◯ | 14 Day $5.10 ◯ | 30 Day $4.40 ◯ |
|---|---|---|---|---|

| | | |
|---|---|---|
| Your Name | | |
| Firm Name | | |
| Address | | |
| City, State | | Zip Code |
| Telephone Number | | |
| E-mail Address | | |

RESET PRINT SAVE EMAIL