NIXON PEABODY

Nixon Peabody LLP
300 S. Grand Avenue, Suite 4100
Los Angeles, CA 90071-3151

Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

**Joshua J. Pollack**
Counsel

T / 213.629.6172
F / 833.543.2185
jpollack@nixonpeabody.com

September 17, 2026

MEMO ENDORSED

***Via ECF***

Honorable Sarah L. Cave
United States District Court for
the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**RE: Remesh, Inc. v. Kantar LLC, Kantar Group Limited, and Kantar China**
**Case No. 1:25-cv-07700-GHW-SLC**

Dear Judge Cave:

Pursuant to Section I.F.2 of Your Honor's Individual Practices, Plaintiff Remesh, Inc. ("Remesh") hereby submits this letter motion to seal portions of Remesh's Opposition to Defendant Kantar China's ("KCN") Motion to Dismiss Remesh's Amended Complaint ("Opposition"), portions of Exhibits 1 and 2 to the supporting Declaration of Joshua J. Pollack ("Pollack Declaration"), and the entirety of Exhibit 3 through 5 to the Pollack Declaration. Exhibits 1 and 2 are condensed versions of the deposition transcripts of Wang (Sirius) Lei and Gao Xu Xian, respectively. Exhibits 3 and 4 are two Intra-Group Operating Fee Agreements produced by Defendants. Exhibit 5 is an extract of information from the Group IP Records Platform database referred to in the Intra-Group Operating Fee Agreements, also produced by Defendants.

Defendants assert that portions of the Gao and Wang Transcripts, and the entirety of the Intra-Group Operating Fee Agreements and Group IP Records Platform extract, contain KCN's Attorneys' Eyes-Only Confidential ("AEO") information. Although the Court has not yet entered a protective order in this case, Remesh has agreed to keep as AEO any information so marked by Defendants, while reserving the right to challenge such designation, as appropriate, with the Court.

On July 7, 2026, Defendants provided Remesh a version of the Gao Transcript with the portions that Defendants claim contain AEO information redacted. Remesh filed a request to seal those portions of the Gao Transcript on July 8, 2026. Dkt. No. 71. The Court granted that request on July 9, 2026. Dkt. No. 74.

On September 2, 2026, Defendants provided Remesh a version of the Wang Transcript with the portions that Defendants claim contain AEO information redacted. Remesh requests to seal those portions.

On September 8, 2026, Defendants filed a letter motion to seal portions of the July 20, 2026 conference transcript, arguing that "The transcript contains sensitive and confidential information that goes beyond the standard personal data identifiers automatically protected under Federal Rule of Civil Procedure 5.2(a). Specifically, the transcript contains discussions regarding and describing two of Defendants' confidential agreements that contain highly sensitive and proprietary business information concerning Defendants' internal intellectual property processes." Dkt. No. 85. The agreements referred to are the Intra-Group Operating Fee Agreements, and the Court granted Defendants' sealing request on September 11, 2026. Dkt. No. 88.

Remesh's Opposition contains numerous passages that quote from, summarize, and discuss information from Exhibits 1 through 5 to the Pollack Declaration that Defendants have designated as AEO.

Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

Pursuant to Section II.C.1 of Your Honor's Individual Practices, counsel certifies that the parties conferred regarding the requested relief on September 16, 2026. Participating attorneys were Joshua Pollack for Remesh and George Scott for Defendants. Counsel for Defendants indicated that Defendants do not oppose this letter motion to seal portions of the Opposition and Exhibits 1 and 2 to the Pollack Declaration and the entirety of Exhibits 3 through 5 to the Pollack Declaration.

Sincerely,

Joshua J. Pollack
Counsel

The Court is in receipt of the letter at Dkt. No. 89 filed by Plaintiff Remesh, Inc. ("Remesh") requesting to file under seal and in redacted form portions of its opposition to Defendant Kantar China's ("KCN") motion to dismiss (Dkt. No. 91 (the "Opposition")) and supporting exhibits (Dkt. Nos. 91-2; 91-3; 91-4; 91-5; 91-6 (the "Exhibits")) because they contain "KCN's Attorneys' Eyes-Only Confidential ("AEO") Information" or information that the Court has already sealed ("Confidential Information"). (Dkt. No. 89 (the "Sealing Request")).

Given that the Confidential Information contains KCN's AEO information and the Court already granted the parties' requests to seal the Confidential Information contained or referenced in the Exhibits, (see Dkt. Nos. 74; 88), and "documents containing proprietary information and sensitive business information are routinely sealed in this [D]istrict[,]" Spectrum Dynamics Med. Ltd. v. GE Healthcare Techs., Inc., No. 18 Civ. 11386 (VSB) (KHP), 2026 WL 931622, at *2 (S.D.N.Y. Apr. 6, 2026), the Sealing Request is **GRANTED**.

The sealed versions of the Opposition (Dkt. No. 90) and the Exhibits (Dkt. No. 90-1; 90-2; 90-3; 90-4; 90-5) shall remain under seal. Remesh has already filed publicly-viewable versions of the Opposition (Dkt. No. 91) and Exhibits (Dkt. Nos. 91-2; 91-3; 91-4; 91-5; 91-6) with the Confidential Information redacted. By **September 21, 2026**, Remesh's counsel shall email courtesy copies of the unredacted versions of the Opposition and Exhibits to Chambers at cave_nysdchambers@nysd.uscourts.gov.

The Clerk of Court is respectfully directed to close Dkt. No. 89.

SO ORDERED. September 18, 2026

**SARAH L. CAVE**
**United States Magistrate Judge**